**DiSABATO & CONSIDINE LLC**
David J. DiSabato, Esq.
Lisa R. Considine, Esq.
196 Santiago Avenue
Rutherford, New Jersey 07070
Phone: 201.762.5088
Fax: 973.453.0338
ddisabato@disabatolaw.com
lconsidine@disabatolaw.com

**MURPHY LAW FIRM**
Robert W. Murphy, Esq.
1212 SE 2nd Ave.
Ft. Lauderdale, Florida 33316
Telephone: (954) 763-8660
Facsimile: (954) 763-8607
rwmurphy@lawfirmmurphy.com
*(Pro Hac Vice Application forthcoming)*

*Attorneys for Plaintiff James Burress*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES BURRESS, on behalf of himself and the putative class,<br><br>Plaintiff,<br><br>vs.<br><br>FREEDOM MORTGAGE CORPORATION, a New Jersey corporation,<br>.<br>Defendant. | Civil Action<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>Case No.: |

Plaintiff, James Burress, on behalf of himself and all others similarly situated, by and through the undersigned attorneys by way of Class Action Complaint, states and alleges matters pertaining to himself and his own acts, upon personal knowledge and, as to all other matters, upon

information and belief based upon the investigation undertaken by his counsel, hereby states and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from Freedom Mortgage Corporation's practice of sending periodic mortgage statements to borrowers such as Plaintiff, where the statements include misleading and patently conflicting recitations of the "amount due." For example, the statement received by Plaintiff in November of 2019 disclosed two entirely different amounts due.

2. Freedom Mortgage Corporation's practice of disclosing inaccurate amounts due on periodic statements is a violation of the Truth in Lending Act, 15 U.S.C. §1601, *et seq.*

## THE PARTIES

3. Plaintiff, James Burress ("Mr. Burress") is *sui juris* and a resident and citizen of Atlanta, Georgia.

4. Defendant, Freedom Mortgage Corporation ("Freedom Mortgage"), is a New Jersey domestic profit corporation with its principal place of business located at 907 Pleasant Valley Avenue, Suite 3, Mount Laurel, New Jersey 08054. Freedom Mortgage is a citizen of the State of New Jersey.

5. At all times material hereto, Defendant was in the business of originating home purchase loans, including refinancing of such loans, to the members of the public at large nationwide.

## JURISDICTION AND VENUE

6. This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. This Court has Federal question jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1640 as well as subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds the sum or value of $75,000 and the parties are citizens of different states.

8. This Court has jurisdiction over Freedom Mortgage because it maintains corporate places of business in this District; does substantial business in this District; and has registered with the State of New Jersey to conduct business in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) & (2), as acts and/or omissions giving rise to Plaintiff's claims occurred in this District; Defendant maintains and oversees employees, agents or representatives in this District; and Defendant is headquartered in, and has conducted business activities on an ongoing basis in, this District at all times material hereto.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Mr. Burress was the legal and equitable owner of the residence located at 1990 Wellbourne Drive NE, Apt. 2, Atlanta, Georgia 30324-4954 ("Burress Residence").

11. The Burress Residence was the home and principal place of abode of Mr. Burress since its purchase.

12. On September 29, 2014, Mr. Burress entered into a Mortgage Promissory Note ("Burress Mortgage") with Freedom Mortgage to finance the purchase of the Burress Residence.

13. Since entering into the Burress Mortgage, Freedom Mortgage has repeatedly sent mortgage statements ("Mortgage Statement(s)") to Mr. Burress that were nonsensical and provided false and misleading disclosures concerning the amount due on the Burress Mortgage.

14. A representative example of the Mortgage Statement for the Burress Mortgage for November 1, 2019 ("11-1-19 Mortgage Statement") is attached hereto and incorporated by reference as Exhibit "A."

15. Pursuant to the 11-1-19 Mortgage Statement, Freedom Mortgage disclosed inconsistent amounts of Four Hundred Seven and 36/100ths Dollars ($407.36) and Four Hundred Seventeen and 60/100ths Dollars ($417.60) that were each due on December 1, 2019.

16. As a result of the nonsensical and misleading Mortgage Statements from Freedom Mortgage, on or about June 4, 2020, Mr. Burress sent a "request for information" or "qualified written request" ("Burress Request for Information") by certified mail to Freedom Mortgage pursuant to 12 U.S.C. §2605 of the Real Estate Settlement Procedures Act ("RESPA").

17. A true and correct copy of the Burress Request for Information, together with the certified mail receipt, is attached hereto as Composite Exhibit "B."

18. Among other reasons, Mr. Burress felt that his Request for Information was necessary because Mr. Burress had already suffered a late fee and negative credit reporting because Freedom Mortgage had previously sent a Mortgage Statement that changed the due date for the Burress Mortgage without warning and in a manner contrary to the Burress Mortgage.

19. Pursuant to the Burress Request for Information, Mr. Burress specifically requested information concerning *inter alia* the nonsensical 11-1-19 Mortgage Statement.

20. As of the date hereof, Freedom Mortgage has failed to respond to the Burress Request for Information, as it is required to pursuant to RESPA.

## CLASS ALLEGATIONS

21. Mr. Burress brings this action on his own behalf and as the representative of all those similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

22. The Class is defined as:

> All persons in the United States who: (1) obtained a mortgage with Freedom Mortgage and (2) who were sent a periodic mortgage statement which disclosed different sums for the "amount due."

23. Excluded from the Class are: (a) Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns, and successors; (b) the judge to whom this case is assigned and any member of the judge's immediate family; and (c) individuals with claims for personal injury, wrongful death and/or emotional distress.

24. The Class Period shall be the one year preceding the filing date of this Complaint.

25. Plaintiff can identify and ascertain all other class members from Freedom Mortgage's business records. These records are computerized and will confirm which customers were sent periodic statements that contained contradictory disclosures regarding the amount due. Thus, Plaintiff's proposed Class is ascertainable.

26. Plaintiff is a member of the class because Plaintiff entered into a mortgage with Freedom Mortgage and received a periodic mortgage statement which provided inconsistent disclosures concerning the "amount due."

27. **Numerosity:** The members of the class are so numerous and geographically diverse that joinder of them all is impractical. Although the precise number of class members is presently unknown and can only be determined through discovery, the proposed class size satisfies the requirements of Federal Rules of Civil Procedure 23(a)(1) as, upon information and belief,

Freedom Mortgage has extended credit to more than one hundred (100) customers who received periodic statements with inconsistent disclosures of the "amount due" in the same or substantial same form as the 11-1-19 Mortgage Statement ("Inconsistent Mortgage Statements"). Furthermore, upon information and belief, the members of the class are dispersed throughout the United States and joinder, therefore, would be impractical.

28. **Typicality:** Plaintiff's claims are typical of other class members within the meaning of Federal Rules of Civil Procedure Rule 23(a)(3) because Plaintiff and all class members executed a finance agreement in the same or substantially similar form during the relevant class period, and received a periodic statement from Freedom Mortgage in the same or substantially similar form as that which is the subject of this lawsuit, and which gives rise to Freedom Mortgage's liability under TILA because it fails to disclose and provide required material information under TILA. As such, Plaintiff and all members of the class seek identical remedies under identical legal theories, and Plaintiff's claims do not conflict with the interests of any other members of the class in that the Plaintiff and other members of the class seek the same relief based on the same claims.

29. **Commonality and Predominance:** The claim of Plaintiff raises numerous common questions of law or fact common to the questions of law or fact raised by the claims of the individual class members in this action within the meaning of Federal Rule of Civil Procedure 23(a)(2), The questions of law or fact of Plaintiff arise out of a common practice in the manner in which Defendant has dealt with Plaintiff and class members, and predominate over any facts that may affect only individual class members within the meaning of Federal Rules of Civil Procedure Rule 23(b)(3).

30. Common questions of law or fact include whether Defendant provided inconsistent disclosures of the "amount due" in periodic statements in the same or substantially same form of the 11-1-19 Mortgage Statement in violation of TILA and Regulation Z.

31. **Adequacy:** The Plaintiff will fairly and adequately represent and protect the interest of the members of the class as described by the requirements of Federal Rule of Civil Procedure Rule 23(a)(4) because Plaintiff possesses no interest antagonistic to the class, and because the adjudication of their claims will necessarily decide the identical issues for all class members. There is nothing peculiar or unique about Plaintiff's situation that would render him an inadequate class representative.

32. Plaintiff has retained counsel that is competent and is experienced in class action litigation and consumer protection litigation. Counsel is well qualified to conduct this litigation.

33. **Superiority:** A class action is superior to other methods for the fair and efficient adjudication of this controversy within the meaning of Rule 23(b)(3), Federal Rules of Civil Procedure, because among other things, it is able to concentrate the litigation of the class members' claims in one forum, since it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, as the damages suffered by individual class members may be relatively small, their interest in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impractical for them to seek individual redress for the wrongs done to them. Additionally, the prosecution of separate claims by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Freedom Mortgage. Plaintiff is unaware of any difficulties that would be encountered in the administration of this class that would preclude its maintenance as a class action.

## COUNT ONE

## VIOLATION OF THE TRUTH IN LENDING ACT
## (15 U.S.C. §1601, *ET SEQ.)*

34. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

35. This is an action for violation of the Truth in Lending Act, 15 U.S.C. §1601 ("TILA"), and the regulations promulgated thereunder.

36. As of January 10, 2014, under 15 U.S.C. § 1638(f), lenders and servicers are required to send accurate periodic statements for all close-end residential mortgages secured by a dwelling.

37. Regulation Z, 12 C.F.R. §1026.41(c), requires that the periodic statements be made by a creditor or servicer clearly and conspicuously in writing.

38. Under the Official Interpretation of Regulation Z, §1026.41(c)-1, "clear and conspicuous" generally requires that the disclosures be made in a "reasonably understandable form."

39. Pursuant to Regulation Z, §1026.41(d)(1), the creditor or servicer must provide a disclosure of the "amount due" which includes the payment due date, the amount of any late payment fee, and the date upon which the fee will be imposed if payment has not been received together with the amount due.

40. The Inconsistent Mortgage Statements (Exhibit "A" hereto) violate TILA and Regulation Z as the disclosure of inconsistent figures for the "amount due" places homeowners such as Mr. Burress in the unenviable position of not knowing the correct amount that is required to keep the mortgage current.

41. Specifically, Plaintiff's 11-1-19 Mortgage Statement, disclosed inconsistent amounts of Four Hundred Seven and 36/100ths Dollars ($407.36) and Four Hundred Seventeen and 60/100ths Dollars ($417.60) that were each stated to be due on December 1, 2019.

42. Plaintiff suffered actual damages and monetary harm as a result of Freedom Mortgage's violation of TILA, in that Plaintiff was required to send – and to pay to send – a formal RESPA Request for Information by certified mail to Freedom Mortgage, and to retain counsel to protect his interests.

43. Plaintiff sent his Request for Information in part because he had already suffered a late fee and negative credit reporting because Freedom Mortgage had previously sent a Mortgage Statement that changed the due date for the Burress Mortgage without warning and in a manner contrary to the Burress Mortgage.

44. As a result of Defendant's conduct, Plaintiff and the class have suffered a concrete and legally cognizable injury by not receiving the disclosures mandated by Congress under TILA and Regulation Z, Freedom Mortgage is liable to Plaintiff and the members of the class for statutory damages pursuant to 15 U.S.C. §1640(a).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, James Burress, an individual, on behalf of himself and all others similarly situated, demands judgment against Defendant, Freedom Mortgage Corporation, a New Jersey corporation, for:

(a) an order certifying the instant action as a class action as provided under by Rule 23(a) and (b) of the Federal Rules of Civil Procedure, appointing Plaintiff as the class representative, and appointing the undersigned to act as Class Counsel;

(b) statutory damages up to the lesser of $1,000,000 or one percent of the net worth of Defendant pursuant to 15 U.S.C. §1640(a)(2)(B);

(c) reasonable costs and attorney's fees in accordance with 15 U.S.C. §1640(a)(3); and

(d) such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands, pursuant to Federal Rule of Civil Procedure 38, a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO RULE 11.2

Pursuant to Rule 11.2, I hereby certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

Dated: October 30, 2020

s/ David J. DiSabato
David J. DiSabato, Esq.
Lisa R. Considine, Esq.
**DiSABATO & CONSIDINE LLC**
196 Santiago Avenue
Rutherford, New Jersey 07070
Phone: 201.762.5088
Fax: 973.453.0338
*ddisabato@disabatolaw.com*
*lconsidine@disabatolaw.com*

**MURPHY LAW FIRM**
Robert W. Murphy, Esq.
1212 SE 2nd Ave.
Ft. Lauderdale, Florida 33316
Telephone: (954) 763-8660
Facsimile: (954) 763-8607
*rwmurphy@lawfirmmurphy.com*
*(Pro Hac Vice Application forthcoming)*

# EXHIBIT "A"

FOR RETURN SERVICE ONLY
PLEASE DO NOT SEND PAYMENTS TO THIS ADDRESS
P.O. BOX 619063
DALLAS, TX 75261-9063

# Mortgage Statement
Statement Date 11/01/19

5-807-33641-0016881-002-000-010-000-000

JAMES BURRESS
1990 WELLBOURNE DR NE APT 2
ATLANTA GA 30324-4954

| | |
|---|---|
| Phone: | 1-855-690-5900 |
| Customer Care: | Monday - Friday 8:00 a.m. - 10:00 p.m. ET |
| | Saturday 9:00 a.m. - 6:00 p.m. ET |
| Find us on the web at: | www.freedommortgage.com |
| Loan Number | |
| Payment Due Date | 12/01/19 |

**Amount Due**  $407.36
If payment is received after 12/16/19, $15.01 late fee will be charged.

Property Address: 1990 WELLBOURNE DR NE
2
ATLANTA GA 30324



Outstanding Principal
Interest Rate
Prepayment Penalty
Escrow Balance
Unapplied Funds

| | |
|---|---|
| Principal | $106.04 |
| Interest | $194.22 |
| Escrow/Impound (for Taxes and/or Insurance) | $107.10 |
| **Regular Monthly Payment** | **$407.36** |
| Total Fees & Charges | $.00 |
| Overdue Payment | $.00 |
| Unpaid Late Charges | $.00 |
| Other/Optional Products | $.00 |
| **Total Amount Due**** | **$407.36** |

| Transaction Description | Date | Interest Paid To Date | Transaction Effective Date | Transaction Amount | Interest Paid | Principal Paid | Escrow Paid | Late Charges Paid | Fees Paid | Optional Insurance | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Payment | 10/04/19 | 10/01/19 | 10/04/19 | $204.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $204.00 |
| Payment | 10/18/19 | 11/01/19 | 10/18/19 | $204.00 | $194.63 | $105.63 | $107.74 | $0.00 | $0.00 | $0.00 | -$204.00 |
| Payment | 11/01/19 | 11/01/19 | 11/01/19 | $209.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $209.00 |

IMPORTANT NOTICE: TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED IN BANKRUPTCY, IS SUBJECT TO THE AUTOMATIC STAY OR IS PROVIDED FOR IN A CONFIRMED PLAN, THIS COMMUNICATION IS FOR REGULATORY COMPLIANCE AND/OR INFORMATIONAL PURPOSES ONLY, AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION.

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $105.63 | $1,191.81 |
| Interest | $194.63 | $2,163.25 |
| Escrow (Taxes and Insurance) | $107.74 | $1,116.38 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $15.01 |
| Partial Payment Unapplied* | $209.00 | $209.00 |
| **Total** | **$617.00** | **$4,695.45** |

*Partial Payments: Any funds received that are less than a full periodic payment may be applied to your account, promptly returned to you, or held in a non-interest bearing account until enough funds are received to apply to a full periodic payment.

**Additional Monthly Amounts - This accounts for optional products including but not limited to: Total Protect.

**This balance represents the known Amount Due as of the printing of this statement. If you are delinquent, this balance may not represent full reinstatement of your obligation. Please contact us regarding your up-to-date reinstatement balance at 1-855-690-5900.

Additional information is provided on the back of the statement.

DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT

LOAN NUMBER:    JAMES BURRESS

FREEDOM MORTGAGE
P.O. BOX 7230
PASADENA CA  91109-7230

| | |
|---|---|
| Due By 12/01/19: | $417.60 |
| $15.01 late fee will be charged after 12/16/19 | |
| Additional Principal | $      . |
| Additional Escrow | $      . |
| Late Charge | $      . |
| **Total Amount Enclosed $** | . |

Make check payable to Freedom Mortgage

☐ To change mailing address and/or contact information, check here and complete form on back.

*Simplify budgeting by paying your mortgage automatically*

Are you looking for a secure, fast and convenient way to manage your monthly payments at no cost? Enjoy the peace of mind that your payment will be made on time by enrolling in one of our automatic payment options today. Enrollment has never been easier! Save time and take advantage of our online enrollment option today by visiting our website at www.freedommortgage.com.

**Monthly Draft**
*Avoid mail delays and late charges by scheduling your draft date within your grace period.*

**Bi-Weekly Draft**
*One payment per year will be applied fully towards your principal balance. Paying additional towards your principal balance can result in reducing the amount of interest paid over the life of your loan and decreasing the length of time necessary to pay your loan in full.*

**Semi-Monthly Draft**
*Payment dates that suit your pay schedule and budget.*

**Take the stress out of making payments on time and let us do the work - for free!**
Visit www.freedommortgage.com to enroll today.

## CONTACT INFORMATION

To submit a RESPA Qualified Written Request ("QWR"), assert an error or request information about the servicing of your loan, you must use the designated address below.

| PAYMENT PROCESSING | OVERNIGHT | TO SUBMIT A RESPA QUALIFIED WRITTEN REQUEST ("QWR") | REQUEST FOR PAYOFF/ GENERAL CORRESPONDENCE |
|---|---|---|---|
| Freedom Mortgage P.O. Box 7230 Pasadena CA 91109-7230 | Freedom Mortgage 10500 Kincaid Drive, Suite 111 Fishers, IN 46037-9764 | Freedom Mortgage P.O. Box 50428 Indianapolis, IN 46250-0401 | Freedom Mortgage P.O. Box 50485 Indianapolis, IN 46250-0485 Fax: 1-866-505-0948 |

**CUSTOMER CARE: 1-855-690-5900** or **WEBSITE: www.freedommortgage.com**

## IMPORTANT INFORMATION

**REAL ESTATE TAXES** are paid from a tax bill issued by your local taxing authority. It is not necessary for you to forward any regular tax bills to us. If we need your tax bill, we will request it from you in writing. If you receive a delinquent, adjusted, or corrected tax bill please forward it to: Freedom Mortgage, P.O. Box 22670, Rochester, NY 14692. You may also fax it to 1-817-826-2030. Supplemental bills are often issued in addition to yearly real estate tax bills and are your responsibility to pay. They are not collected through your escrow account.

**HAZARD INSURANCE** It is your responsibility to maintain proper and sufficient hazard insurance coverage for your property. Hazard insurance includes Fire and Extended coverage and, where required, Flood Insurance. To protect our mutual interest in the property, we require evidence of proper insurance. If you fail to provide evidence, we will purchase Lender Placed coverage on your behalf, not including your equity, and charge your escrow account.

Policy renewals and invoices are due thirty (30) days prior to the expiration of the existing policy. Please notify your agent to ensure that we are listed on the policy and that a copy, which includes your loan number, is either faxed to our Insurance Department at 1-866-751-9324 or mailed to: Freedom Mortgage Corporation, ISAOA / ATIMA, P.O. Box 100562, Florence, SC 29502-0562. For general questions regarding hazard insurance, please call 1-866-222-9005.

For questions regarding Hazard Loss Drafts, please call 1-888-810-7318. You may also fax any required Loss Draft information to 1-866-751-9365.

**IF YOU ARE EXPERIENCING FINANCIAL DIFFICULTIES** and would like to speak to one of our counselors please call 1-855-690-5900.

**U.S. MILITARY** Servicemembers on "active duty" or "active service" or a spouse or dependent of such servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers' Civil Relief Act ("SCRA"). If you are a servicemember on active duty or believe you are eligible for such SCRA benefits, please notify our Customer Care Department at 1-855-690-5900.

**FOR NEW YORK RESIDENTS** - Freedom Mortgage is registered with the Superintendent of the New York Department of Financial Services. You may file complaints and/or obtain further information from the New York State Department of Financial Services by calling the Department's Consumer Assistance Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov.

**FOR OREGON RESIDENTS** - Residential mortgage loan servicers are regulated by the Oregon Division of Financial regulation. To file a complaint, call (866) 814-9710 or visit http://dfr.oregon.gov.

## PAYMENT INFORMATION

**Phone payments or Automatic (ACH) payments** - To pay by phone please call the Customer Care number provided above (additional fee may apply). To establish or cancel your ACH program within 48 hours of your debit, please contact Customer Care at the number provided above.

**Web** - You can make your payments online, simply visit us at www.freedommortgage.com.

**Unapplied / Partial Payments** - Any funds received that are less than a full periodic payment may be applied to your account, promptly returned to you, or held in a non-interest bearing account until enough funds are received to apply to a full periodic payment.

**Payoff Quote** - This statement does not contain the amount required to pay your loan in full and may not reflect all third party fees (if applicable) or all amounts due. To obtain a payoff quote, please send your request in writing to the address provided above. You may also contact Customer Care at the number provided above.

**Payments by Mail** - To avoid processing delays make your check or money order payable to Freedom Mortgage and include your loan number. Please do not send cash or correspondence with your payment.

**Avoid Late Charges and Protect Your Credit** - We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. Any payments received after the late payment date noted on your coupon will be assessed a late fee.

**Additional Principal Payments** - Depending upon the terms of your loan agreement, you may be able to pay additional principal on your loan. We must receive additional principal payments on or before your payment due date. Include additional principal with your regular payment and indicate the amount in the space provided on your coupon.

**Check Processing** - When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution.

## LOSS MITIGATION OPTIONS

If you are experiencing financial difficulties, we are here to help you. Call us today to learn more about your Loss Mitigation options at 1-855-690-5900 or by visiting our website at www.freedommortgage.com.

The right option for you depends on your individual circumstances. If you provide all required information and documentation about your situation, we can determine if you qualify for temporary or long-term relief, including solutions that may allow you to stay in your home (refinance, repayment, forbearance, loan modification) or leave your home while avoiding foreclosure (short sale or deed-in-lieu of foreclosure).

You may obtain a list of HUD approved, non-profit homeowners counseling organizations serving your residential area by calling toll free 1-800-569-4287 or by visiting the HUD website at www.hud.gov.

807-x33154-0519B Rev 0519

---

*Change of Mailing Address / Contact Information*
*Please provide your contact information below.*

Name _____

New Address _____

City _____ State _____ Zip _____

Home Phone # _____ Business Phone # _____ Ext ____

Email _____

Cell Phone # _____ [ ] I consent for Freedom Mortgage to contact me via this cell phone number.

# EXHIBIT "B"

Request for Information on Mortgage Loan

June 4, 2020

Freedom Mortgage
PO Box 50428
Indianapolis, IN  46250-0401

James M. Burress
1990 Wellbourne Dr NE Unit 2
Atlanta, Ga 30324

**RE: Information Request
Mortgage Loan Number:** ▆▆▆▆▆▆▆

Dear Freedom Mortgage:

I am writing to request the information, described below, in regard to the mortgage on my property at 1990 Wellbourne Dr NE, #2, Atlanta, Ga 30324. Will you kindly answer:

1. Why in September of 2018, the Mortgage Statement Date for my loan shifted from the 1st of the month to the 18th?
2. How this shift remains aligned with, and not in opposition to, USC 12 CFR § 1026.41?
3. Why the statement date remained at the 18th only for two months before reverting back to the 1st?
4. Why in my online mortgage records, there are two statements for May, 2018?
5. Why one of those statements, May 19th, 2018, actually shows a statement from February 1, 2018 when opened?
6. And why, for several months (including a statement dated 11/01/19), did my Mortgage Statement "Amount Due" read one value at the top of the statement, but another value at the bottom (the portion where I'm instructed to 'detach and return' with payment)?

If you need to contact me to discuss this request, I can be reached at ▆▆▆▆▆▆▆. I look forward to your response letter within the next 5 days and your complete investigation/response within 30 days.  Thank you for your prompt attention and time.

Sincerely,


James M. Burress

stop hiding

James M Burress
1990 Wellbourne Dr NE
Apt 2
Atlanta, GA 30324

FREEDOM MORTGAGE
PO BOX 50428
INDIANAPOLIS, IN 46250-0401



USPS CERTIFIED MAIL

9214 8901 4298 0452 0656 03

## See Important Information Enclosed